**LITTLE v REES**

Ohio Appeals, 9th Dist, Summit Co

No 2711. Decided Sept 22, 1936

460

Rees, Isham, Genovése & Bliss, Akron, for the motion.

Nelson Hovey, Akron, and C. H. McGinley, Akron, contra.

## OPINION

By WASHBURN, J.

This cause is before the court upon the motion of the defendant in error to strike the bill of exceptions from the files "by reason of the fact that the same was not filed within the time provided by law."

In the Common Pleas Court the action was one at law, and after a jury had been impaneled and the evidence upon behalf of the plaintiff had been introduced and the defendant had rested without the introduction of any evidence, a motion was made by the defendant "to arrest the testimony from the jury and for judgment," which motion was granted; and said judgment was entered on September 25, 1935.

Two days thereafter a motion for a new trial was filed by the plaintiff, and that motion remained undisposed of until December 2, 1935, when it was overruled.

On December 4, 1935, a petition in error, and the original pleadings and transcript of journal entries, were filed in the Court of Appeals, but no bill of exceptions was filed, because at that time no bill of exceptions had been prepared; but on December 31, and within the 40 days from the overruling of the motion for a new trial, a bill of exceptions was filed in the trial court, which, after due notice, was allowed on January 10, 1936, and on the same day was filed in the Court of Appeals.

On the hearing of the motion now being determined counsel for the plaintiff in error urged that the bill of exceptions was not filed in time in the trial court; that no motion for a new trial was necessary or proper, the objection being as to the decision of the trial court on a motion to direct nonsuit.

We hold against said contention. Our statute defines a motion for a new trial as a re-examination in the same court of, among other things, an issue of fact after "a decision by the court" (§11575, GC), and the right to file a motion for a new trial under similar circumstances is established by the case of Jacob Laub Baking Co. v Middleton, 118 Oh St 106, which was approved and followed in Inglish v Industrial Comm., 125 Oh St 494. It is not necessary to determine whether a motion for a new trial was necessary in this case—it certainly was proper, and the decision of the trial court on the motion for a new trial fixed the time within which a bill of exceptions could be filed in the trial court.

Sec 11564, GC, provides that when "the objection is to the decision of the court on a motion to direct nonsuit, * * * the party excepting must reduce his objections to writing, and file them in the cause, not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed."

The motion for a new trial was properly filed in this case, and therefore the bill of exceptions could be filed in the trial court at any time within 40 days after the overruling of the same. As has been said, it was so filed in this case.

It is urged by brief that the bill of exceptions should be stricken from the files because it was not filed in the Court of Appeals within the time required by law.

That question must be disposed of under the law as it was before the new appellate procedure act became effective. §12263, GC, which was in force at the time of this proceeding, imposed upon the plaintiff in error a positive duty to file with his petition in error a bill of exceptions if he desired to avail himself thereof (Foster v Rohrer, 95 Oh St 90); but at that time §11572, GC, was also in force, which permitted a party who desired to have a final judgment or order of the trial court reviewed on error to file his petition in error, his transcript and other papers, in the proper court "without

waiting to perfect a bill of exceptions," and that he could thereafter, "within the time limited by law therefor," prepare and have allowed and signed a bill of exceptions, which, when duly allowed and filed in the trial court, "he also may file in the error proceeding," and providing that the same should be considered by the reviewing court as if filed with his petition in error.

In speaking of this section, the Supreme Court, in Porter v Rohrer, supra, observed that "This section is sufficiently comprehensive to permit the filing of the bill in the error court at any time before that court enters upon the final consideration of the case," provided the bill is perfected and filed in the trial court within the limitation period and is thereafter promptly filed in the reviewing court.

In the case before this court that very thing was done, and therefore the motion to strike the bill of exceptions from the files cannot be sustained for either of the reasons urged. Motion overruled.

FUNK, PJ, and STEVENS, J, concur in judgment.